UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. HOWARD, Booking # 17111962,<br><br>                                          Plaintiff,<br><br>vs.<br><br>SCRIPPS MERCY HOSPITAL; SCRIPPS MERCY HOSPITAL SECURITY; RECEPTIONIST STAFF; JOE WALLACE; VINCENT MONTERO<br><br>                                          Defendants. | Case No.:  3:17-cv-0924-JAH-KSC<br><br>**ORDER:**<br><br>**1)  DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 4]**<br><br>**AND**<br><br>**2)  DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

**I.     Procedural History**

On May 4, 2017, Plaintiff, Brandon L. Howard, currently housed at the George Bailey Detention Facility ("GBDF") located in San Diego, California filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).  Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees, but dismissed his

Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF No. 5.) On May 10, 2017, Plaintiff filed a Motion to Appoint Counsel and on June 2, 2017, he filed a First Amended Complaint ("FAC") followed a few days later by "supplemental documents." (ECF Nos. 4, 8.)

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

As the Court stated in its previous Order, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

///
///
///

2
3:17-cv-0924-JAH-KSC

### 1. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### 2. Rule 8

As an initial matter, the Court finds that Plaintiff's FAC, once again, fails to comply with Rule 8. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2). In addition, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

### 3. Private parties

Here, while it is not entirely clear from Plaintiff's FAC, the documents he has submitted indicate that he is attempting to hold private security officers employed by a hospital liable for alleged injuries. (*See* ECF No. 8 at 1-22.) Plaintiff appears to have been involved in a physical altercation with Defendants. (*Id.*) However, none of the named Defendants are alleged to be "person[s] acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct

of which the plaintiff complains that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Generally, private parties do not act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir.1974) (a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

In order for private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

Here, Plaintiff has failed to allege facts sufficient to plausibly show that any of the private parties or organizations he has named as Defendants performed any public function traditionally reserved to the state, acted as willful participants in joint action with government agents, was compelled or coerced, or had any connection whatsoever with the state, when they allegedly injured Plaintiff. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939.

### 4. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when

a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). However, Plaintiff has been notified of the deficiencies of pleading in the Court's previous Order but failed to make any attempt to cure that pleading defect in his FAC. Because it is clear that any amendment would be futile, the Court declines to grant Plaintiff leave to amend. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed.R.Civ.P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments.")

### III. Motion for Appointment of Counsel

Finally, Plaintiff has filed a letter to the Court which the Court construes as a "Motion to Appoint Counsel." (ECF No. 4.) There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs*, 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request because, as stated above, Plaintiff cannot demonstrate a likelihood of success on the merits. In addition, while Plaintiff does have difficulty articulating his claims, the legal issues involved are not complex and Plaintiff cannot proceed on these claims in this matter even if an attorney was appointed. Therefore, no exceptional circumstances warrant the appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## IV. Conclusion and Order

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 4); and

2. **DISMISSES** Plaintiff's FAC with prejudice and without leave to amend for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**IT IS SO ORDERED**.

Dated: July 7, 2017

Hon. John A. Houston
United States District Judge